# In the United States District Court for the Southern District of Georgia Waycross Division

| | |
|---|---|
| THAVEE YANG,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FOLKSTON ICE PROCESSING CENTER,<br><br>Respondent. | 5:26-cv-136 |

## ORDER

Petitioner Thavee Yang ("Yang"), who was incarcerated at the Folkston Immigration and Customs Enforcement ("ICE") Processing Center in Folkston, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas. Dkt. No. 1. Respondent filed two Motions to Dismiss. Dkt. Nos. 6, 8. For the following reasons, the Court **GRANTS** Respondent's second Motion to Dismiss and **DENIES as moot** Respondent's first Motion to Dismiss and Yang's Petition. I **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Yang leave to appeal *in forma pauperis*.

## BACKGROUND

Yang contends that ICE officials violated his rights when they placed him in detention. Dkt. No. 1 at 2. Yang seeks his release while he awaits deportation. Id. at 7. The Magistrate

Judge directed service of Yang's Petition and directed Respondent to answer Yang's Petition within seven (7) business days of his Order. Dkt. No. 2. Respondent filed an Answer-Response and his first Motion to Dismiss. Dkt. Nos. 4, 6. Respondent filed his second Motion to Dismiss on May 13, 2026, and states that Yang was removed from the United States on March 25, 2026. Dkt. No. 8 at 1. Respondent asserts Yang's Petition is now moot and should be dismissed. Id. & at 2.

## DISCUSSION

### I. Yang's Petition Is Now Moot

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'" Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014). This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations." Id. There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement." Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted). Regarding the mootness strand, the United States Supreme Court has made clear "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of Cal. v. United States, 506

U.S. 9, 12 (1992) (internal citation omitted). Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted). Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed. Rather, the Supreme Court has made clear that the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'" Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189-90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)). "Events which occur subsequent to the filing of a petition may render the matter moot." Johnson v. Glover, No. 1:04-CV-413, 2006 WL 1008986, at *1 (M.D. Ala. Apr. 18, 2006) (citing Nat'l Black Police Ass'n v. District of Columbia, 108 F.3d 346, 350 (D.C. Cir. 1997)).

Here, Yang asks the Court for his release from detention while he awaited deportation. Dkt. No. 1 at 7. Yang was removed from the United States on March 25, 2026. Dkt. No. 8. Yang does not dispute this. Because Yang is no longer being detained, there is no longer a "live controversy" over which the Court can give meaningful relief. Friends of Everglades, 570 F.3d at 1216. Accordingly, the Court **GRANTS** Respondent's second Motion to

Dismiss and **DENIES as moot** the first Motion to Dismiss and Yang's Petition for Writ of Habeas Corpus.

## II. Leave to Appeal *in Forma Pauperis*

The Court also denies Yang leave to appeal *in forma pauperis*. Though Yang has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346,

1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of the filings in this case, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court **DENIES** Yang *in forma pauperis* status on appeal.

**CONCLUSION**

Based on the foregoing, the Court **GRANTS** Respondent's second Motion to Dismiss and **DENIES as moot** Respondent's first Motion to Dismiss and Yang's Petition. Dkt. Nos. 1, 6, 8. The Court **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENIES** Yang leave to appeal *in forma pauperis*.

**SO ORDERED**, this 15 day of September, 2026.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA